

FILED
MAY 02 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

*********************************************************************

| | | |
|---|---|---|
| RONALD GENE KENYON, | * | CIV 12-3006 |
| | * | CR 03-30071 |
| Petitioner, | * | |
| -vs- | * | OPINION AND ORDER DENYING |
| | * | MOTION TO VACATE AND |
| UNITED STATES OF AMERICA, | * | ORDER DENYING |
| | * | CERTIFICATE OF APPEALABILITY |
| Respondent. | * | |

*********************************************************************

Petitioner was convicted of three counts of aggravated sexual abuse of a child and two counts of abusive sexual contact. He was sentenced on January 12, 2004, to concurrent terms of 324 months and 240 months custody. He appealed his convictions and sentences and the United States Court of appeals reversed, finding that the evidence was sufficient on all counts but that the Court improperly admitted the victim's hearsay statements to a physician's assistant. United States v. Kenyon, 397 F.3d 1071 (8th Cir. 2005). Upon retrial, he was convicted of four counts of aggravated sexual abuse of a child. He was sentenced to 324 months custody. He again appealed his convictions and sentence. The Eighth Circuit affirmed his convictions on two counts, reversed on one count based upon an erroneous jury instruction, reversed on one count for insufficient evidence, and vacated the sentence. United States v. Kenyon, 481 F.3d 1054 (8th Cir. 2007). On motion of the government, one count was dismissed. Another count was dismissed pursuant to the Eighth Circuit's opinion. On July 2, 2007, petitioner was resentenced on two counts of aggravated sexual abuse of a child to concurrent terms of 293 months custody. He did not appeal.

Petitioner has filed a motion to vacate, set aside, or correct his convictions and sentence contending that the indictment was defective because the grand jury failed to make a finding that the victim was an Indian.

Petitioner's conviction and sentence became final over four years ago. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Any motion to vacate pursuant to 28 U.S.C. § 2255 would be untimely unless petitioner can set forth a basis for tolling the one year limitations period.

Petitioner contends that his motion is timely because he did not discover the victim's Indian status until December 2011. To invoke the statute of limitations savings clause in 28 U.S.C. 2255(f)(4), " petitioner must show the existence of a new fact" and that he "acted with diligence to discover the new fact." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008). The "facts" upon which petitioner relies is that the victim was an Indian and the indictment did not contain an allegation that the victim was an Indian. The fact that the indictment did not allege the victim's status as Indian was known to petitioner more than one year before the deadline for filing his motion to vacate.

2

The indictment was read to him at his initial appearance and was read during the preliminary jury instructions. The elements charged in the indictment were set forth in the Court's final instructions which were read out loud at trial. Petitioner's claim that the lack of the victim's Indian status in the indictment is a new fact is meritless.

Further, the victim's status as an Indian was not essential to the charges because jurisdiction was premised upon 18 U.S.C. § 1153, which provides jurisdiction over Indians who commit crimes in Indian Country, irrespective of the race of the victim. The Indian status of the victim is irrelevant to a conviction of an Indian committing a major crime in Indian country.

Petitioner's petition is untimely. He has not satisfied the tolling provisions set forth in 28 U.S.C. § 2255. His petition is, in all other respects, meritless.

Now, therefore,

**IT IS ORDERED**:

1. The motion, Doc. 1, to vacate, set aside, or correct sentence is denied.

2. The motion, Doc. 3, to dismiss his criminal case is denied.

3. The motion, Doc. 4, for disclosure of evidence is denied.

**TO THE EIGHTH CIRCUIT COURT OF APPEALS:**

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate, set aside, or correct sentence. No certificate of appealability will be granted. 28 U.S.C. § 2253(c). This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 2nd day of May, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:
DEPUTY
(SEAL)

3